IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY | : | |
| | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 10-1842 |
| PATRICIA DESANTIS ET AL. | : | |

**SURRICK, J.**                                                    **OCTOBER ⨎, 2011**

## MEMORANDUM

Presently before the Court is Joseph Higgins's Motion to Intervene and Open Judgment.

(ECF No. 11.)  For the following reasons, the Motion will be denied.

## I.  BACKGROUND

Plaintiff State Farm issued an insurance policy that provided personal liability coverage to

Defendants Patricia and Richard DeSantis from June 30, 2006, to June 30, 2007.  (Compl. ¶¶ 11-

12, ECF No. 1.)  On December 16, 2006, Richard DeSantis struck Joseph Higgins in the face

causing physical injury.  (Mot. Intervene Ex. A at ¶ 7, ECF No. 11.)  DeSantis entered a plea of

guilty to assaulting Higgins.  On October 6, 2008, Higgins filed suit against Richard DeSantis in

the Montgomery County Court of Common Pleas seeking money damages from injuries

sustained as a result of the DeSantis assault..  On April 26, 2010, Plaintiff brought the instant

declaratory-judgment action seeking a determination that it had no obligation to indemnify or

defend DeSantis in the underlying state-court case.  Plaintiff argued that it had no duty to

indemnify or defend DeSantis because he intentionally injured Higgins—an occurrence that was

not covered under the insurance policy.  Counsel for Richard and Patricia DeSantis notified

Plaintiff that no appearance would be entered and no answer or response would be filed to the

Complaint. On July 30, 2010, the Clerk of Court entered default against Defendants for failure to appear, plead or otherwise defend. On February 23, 2011, we granted Plaintiff's motions for default judgment against Defendants. (ECF No. 9, 10.) On June 28, 2011, Higgins filed the instant Motion to Intervene and Open Judgment, which Plaintiff opposes.

## II.   DISCUSSION

Higgins moves to intervene under Federal Rule of Civil Procedure 24(a).[1]  A party seeking to intervene as of right must establish each of the following requirements:  (1) a timely application for leave to intervene; (2) a sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action; and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005).

Plaintiff argues that the Motion to Intervene should be dismissed because Higgins does not have a sufficient interest in the litigation to justify intervention.  A sufficient interest is one that relates "to the property or transaction which is the subject of the action." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (quoting Fed. R. Civ. P. 24(a)(2)).  An intervenor's interest must be "significantly protectable." *Id.* (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)).  In other words, it must be a

---

[1] Rule 24(a), which governs intervention as of right, provides in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

"legal interest as distinguished from interests of a general and indefinite character." *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987) (citations omitted). Moreover, the intervenor must demonstrate a tangible threat to the legally cognizable interest. *Id.*

Generally, an "economic interest in the outcome of litigation is insufficient to support a motion to intervene." *Liberty Mut.*, 419 F.3d at 221 (quoting *Mountain Top*, 72 F.3d at 366). The "mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." *Id.* (quoting *Mountain Top*, 72 F.3d at 366). In *Liberty Mutual*, there was an insurance dispute between *Liberty Mutual* and its insured, a manufacturer that sold asbestos-containing side boards. *Id.* at 218-19. The manufacturer was named as a defendant in numerous lawsuits alleging asbestos-related claims. *Liberty Mutual* filed a declaratory-judgment action seeking a declaration that it had no further duty to indemnify or defend the manufacturer. The proposed intervenors were plaintiffs who were exposed to the manufacturer's asbestos and were seeking money damages for an asbestos related disease. The Third Circuit rejected the proposed intervenors' argument that they could intervene as of right under Rule 24(a). *Id.* at 222. The court observed that "[a]ppellants cite no controlling authority to support their argument that plaintiffs who have asserted tort claims against the insured can intervene as of right in an insurance coverage declaratory judgment action between the insured and its insurer." The court found that the intervenors have "no property interest in the *Liberty Mutual* UEL policies nor do they have any other legally protectable interest in the policies." *Id.* Instead, the proposed intervenors "have the kind of economic interest in the insurance proceeds that we have held does not support intervention as a matter of right." *Id.*

Higgins cites *New Hampshire Insurance Co. v. Greaves*, 110 F.R.D. 549 (D.R.I. 1986) in

3

support of his request to intervene. In *Greaves*, a boat owned and operated by *Greaves* collided with another boat. *Id.* at 550. Following the accident, individuals from the boat that was hit brought suit against *Greaves* in state court. *Greaves's* insurance company then filed a declaratory-judgment action to determine the validity of his insurance policy. The insurance company contended that because of certain misrepresentations and concealments by *Greaves*, the policy should be rescinded. The plaintiffs in the state-court case sought to intervene as of right in the federal declaratory-judgment action. *Greaves* did not have sufficient assets to satisfy a substantial judgment. *Id.* at 552-53. The district court granted the motion to intervene. In doing so the court observed that "[w]hile the possibility that a potential judgment may be more difficult to collect is not alone sufficient impairment to support intervention as of right, in this instance the potential judgment may become impossible to collect." Interestingly, the court also acknowledged that most of the "court decisions and scholarly commentaries that have considered the issue have concluded that 'a movant whose tort claim is wholly contingent on his ability to obtain a judgment in a separate suit may not intervene.'"

The Third Circuit discussed *Greaves* in *Liberty Mutual*. *Liberty Mutual*, 419 F.3d at 226. In rejecting the argument of the proposed intervenors in *Liberty Mutual* the Third Circuit observed that there was a dispute as to whether the asbestos manufacturer was in fact insolvent. Higgins points to this observation and argues that *Liberty Mutual* left open the possibility that intervention as of right could be appropriate where the insured has insufficient assets to satisfy a judgment. We disagree with this conclusion.

A review of the Third Circuit's opinion in *Liberty Mutual*, reveals that even though the court did not expressly reject the *Greaves* court's Rule 24(a) analysis, the Third Circuit clearly

4

suggested that it would not adopt the *Greaves* approach.  As mentioned above, the court specifically stated that "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." *Greaves*, 110 F.R.D. at 552.  The declaratory judgment obtained by Plaintiff here may impede Higgins's ability to recover money from Defendants in his state-court case.  However, that fact alone is not sufficient to support intervention as of right.  Higgins may have an economic interest in Defendants' insurance policy.  However, this is not the kind of legally protectable interest that can support intervention under Rule 24(a).  Notwithstanding what DeSantis's financial condition may be, we reject Higgins's argument that we should apply *Greaves*.

Since we must deny this Motion to Intervene, we must also deny the Motion to Open Judgment under Rule 60(b).

### III.    CONCLUSION

For the foregoing reasons, the Motion to Intervene and Open Judgment is Denied.

An appropriate Order follows.

BY THE COURT:

R. BARCLAY SURRICK, J.

10/4/11

5

MODE = MEMORY TRANSMISSION          START=OCT-04 16:57      END=OCT-04 17:00

    FILE NO.=996

STN NO.   COMM.   ABBR NO.    STATION NAME/TEL NO.      PAGES    DURATION

  001      OK       ≇         2155871699               006/006  00:01:18
  002      OK       ≇         16108341776              006/006  00:01:05

                                                    -JUDGE R. BARCLAY SURRICK -

********************************** -        - ***** -              - *********

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA
*8614 UNITED STATES COURTHOUSE*
*INDEPENDENCE MALL WEST*
*SIXTH AND MARKET STREETS*
*PHILADELPHIA, PENNSYLVANIA 19106-1741*

*Chambers of*
*R. BARCLAY SURRICK*
*United States District Judge*

(267) 299-7630

October 4, 2011

To:   **Bradley J. Mortensen, Esquire**
      **Elizabeth A. Bartman, Esquire**
      CHRISTIE PABARUE MORTENSEN & YOUNG
      1880 JFK Blvd., 10th Floor
      Philadelphia, Pennsylvania 19103
      Fax: 215-587-1699

      **David R. Jacquette, Esquire**
      MORIS & CLEMM, P.C.
      527 Plymouth Road, Suite 416
      Plymouth Meeting, Pennsylvania 19462
      Fax: 610-834-1776

Re:   *State Farm Fire & Casualty Company v. DeSantis, et al.*
      *Civil Action No. 10-1842*

      Memo: Memorandum of the Court to follow.

Via Fax: Six (6) pages transmitted to include this cover page.